

US DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JAN 24 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| Comar Marine Corp. | Civil Action No. 6:09-cv-1438 (Lead) |
| | 6:12-cv-1533 (Member) |
| versus | Judge Richard T. Haik, Sr. |
| Raider Marine Logistics, LLC, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment As To Tracy P. Lirette's And Chris St. Amand's Personal Liability As Guarantors, filed by Plaintiff, Comar Marine Corporation ("Comar") [Rec. Doc. 204], a Memorandum in Opposition filed by defendants, Tracey P. Lirette and Chris St. Amand [Rec. Doc. 223], Plaintiff's Reply thereto [Rec. Doc. 227] and Defendants' Sur-Reply [Re. Doc. 234]. For the reasons that follow, the motion will be denied.

Comar instituted this action in order to recover amounts due from Defendants, Conqueror Marine Logistics, L.L.C., Enforcer Marine Logistics, L.L.C., Marauder Marine Logistics, L.L.C., and Raider Marine Logistics, L.L.C., for their refusal to pay Comar amounts it alleges are due under the vessel management agreements between the Defendants and Comar ("the Agreements"). In the motion at bar, Comar contends that Tracey P. Lirette and Chris St. Amand are personally liable, *in solido*, based on their alleged execution of the Agreements as "Guarantors."

On July 25, 2011, the Court considered a motion for partial summary judgment on this identical issue which was filed by defendants, Lirette and St. Amand. In denying their motion, the Court found "a genuine dispute as to whether Tracy Lirette and Chris S. Amand signed in their individual capacities." In particular, the Court noted that the document at issue specifically indicated that Tracy Lirette signed the Agreement on behalf of "Gator

Offshore, L.L.C., its Sole Member;" however, in signing under the caption "Guarantors Of This Agreement," Lirette and St. Amand each signed merely as "Guarantor." Because of the lack of specificity as to whether Defendants signed as Guarantors in their individual or in their representative capacities, the Court held that summary judgment was improper. For the same reasons as provided in its July 25, 2011 Ruling, the Court finds summary judgment improper and will deny Comar's motion.

_____
Richard T. Haik, Sr.
United States District Judge